DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

SCOTT SIMEON (NYBN 5012653)
Assistant United States Attorney

    150 Almaden Boulevard, Suite 900
    San Jose, California 95113
    Telephone: (408) 535-5061
    FAX: (408) 535-5066
    scott.simeon@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CASE NO. CR 19-00521 BLF (SVK) |
| Plaintiff, | ) **UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION FOR ISSUANCE OF SUBPOENA TO PRODUCE STATE LAW ENFORCEMENT PERSONNEL OR COMPLAINT RECORDS** |
| v. | |
| CLARENCE PETER CHAN, | |
| Defendant. | ) Re: ECF No. 25 |

On March 13, 2020, defendant Clarence Chan filed a Motion for Issuance of Subpoena to Produce State Law Enforcement Personnel or Complaint Records (ECF Nos. 25 to 25-4). The motion seeks the production of "potential impeachment evidence," ECF No. 25-1 at 2, for the preparation of the defendant's motion to suppress evidence, ECF No. 25 at 2. For the reasons below, the motion should be denied without prejudice as premature.

**I.    Relevant Legal Standard**

General Order No. 69 provides, pursuant to Federal Rule of Criminal Procedure 17(c), for "subpoenaing and reviewing [records] of state law enforcement officers who have been or will be subpoenaed to testify in a federal criminal proceeding." If the officers "are expected to testify at an evidentiary hearing regarding a pre-trial motion, the request for a subpoena must be filed no later than

the filing date of the defendant's motion." *Id.* at 2.

"[I]n order to require production prior to trial, the moving party must show," among other things, that the documents "are not otherwise procurable reasonably in advance of trial by exercise of due diligence," and "the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to" cause delay. *United States v. Nixon*, 418 U.S. 683, 699 (1974).

## II.  Argument

At this stage of litigation, the defendant cannot show (1) the documents are not otherwise procurable, (2) an inability to prepare, or (3) any unreasonable delay; therefore, he cannot meet the *Nixon* standard. Accordingly, the motion should be denied without prejudice to refiling at a later date.

First, the defendant's motion omits the relevant procedural posture of this case: Although the defendant refers to his motion to suppress evidence, no such motion has been filed. Nor is there a briefing schedule for such a motion to be filed, and no schedule will be set until at least June 4, 2020. *See* ECF No. 29. The government is still responding to the defendant's January 2020 requests to produce supplemental discovery. Once the government finishes collecting, reviewing, and producing the requested discovery, and the Court sets a motion and hearing schedule, the government will request a review of the relevant officers' personnel files. This review would render the defendant's motion moot. *See United States v. Johnson*, No. 14-CR-00412-TEH, 2014 WL 6068089, at *9 (N.D. Cal. Nov. 13, 2014) ("Because the Government has subpoenaed the records of [officers] and will shortly have the files in its possession," the defendant "no longer has any justifiable reason to subpoena these personnel files and complaint records.") (citing *Nixon*, 418 U.S. at 699). Although the defendant states that the government "did not agree this request would be made sufficiently in advance of the litigation of the suppression motion to allow time for effective preparation and use of any materials disclosed," ECF No. 25-1 at 2 n.2, this seems to be a misunderstanding. The government will act in a timely manner, and it is an insufficient basis for the defendant's motion to assume a lack of timeliness.

Second, the defendant cannot show an inability to prepare now without the requested records. The parties' disagreement on this point might explain the misunderstanding above: Because the defendant seeks "potential impeachment evidence," ECF No. 25-1 at 2, the evidence would be necessary

to prepare for the officers' testimony; however, the defendant claims, without support, that "potential impeaching information … is relevant to the preparation and presentation of the suppression *motion*." ECF No. 25-1 at 4–5 (emphasis added). The defendant cites *United States v. Martinez*, No. 15-cr-00575-WHO-1, 2016 U.S. Dist. LEXIS 51124 (N.D. Cal. April 14, 2016), for the proposition that these "materials to be subpoenaed are relevant to the preparation for and presentation of his pretrial motion to suppress evidence in which these officer witnesses' credibility will be at issue." ECF No. 25-1 at 9 (quoting *Martinez*, 2016 U.S. Dist. LEXIS 51124, *3). But the issue in that case was a "subpoena for documents concerning information that an informant provided to SFPD that was used in furtherance of obtaining a search warrant," *not* personnel or complaint records. *Martinez*, 2016 U.S. Dist. LEXIS 51124, *1. Moreover, the government is unable to find the quoted line in the text of the *Martinez* court's opinion. There simply is no legal support for the defendant's position, and there is no reason why the defendant needs evidence to impeach a witness in order to prepare a motion to suppress evidence.

Finally, given both of the above, the defendant cannot show any unreasonable delay by not being able to seek potential impeachment evidence now. Only after the defendant is entitled to a hearing would any potential witness impeachment information become relevant. Put another way, the defendant's argument that he needs impeachment information in order to prepare his motion is completely backwards: the motion comes first, the evidentiary hearing, if necessary, comes later.

**III.     Conclusion**

For the foregoing reasons, the motion should be denied without prejudice as premature.

Respectfully submitted,

DAVID L. ANDERSON
United States Attorney

Dated: April 3, 2020                         */s/ Scott Simeon*
                                             SCOTT SIMEON
                                             Assistant United States Attorney