JOHN D. FORSYTH, SBN 178341
2431 Fillmore Street
San Francisco, California 94115
Telephone: (415) 401-0729
Facsimile: (415) 401-7609
sotts@earthlink.net

Attorney for Defendant
CLARENCE CHAN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2019-CR-00521-BLF-1 |
| Plaintiff, | REPLY TO GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION FOR ISSUANCE OF SUBPOENA TO PRODUCE STATE LAW ENFORCEMENT PERSONNEL OR COMPLAINT RECORDS |
| v. | |
| CLARENCE P. CHAN, | |
| Defendant. | |

COMES NOW defendant Clarence P. Chan, by and through counsel, and submits the following in reply to the United State's Opposition to Defendant's Motion for Issuance of Subpoena to Produce State Law Enforcement Personnel or Complaint Records, hereinafter "Opposition" (ECF Doc. #31), requesting "the motion should be denied without prejudice as premature." (See Opposition at 1:22-23.) Defendant here contends the United States' Government has no standing to object and, in any event, has failed to articulate a basis for precluding the issuance of the proposed subpoena without delay.

I.      **RELEVANT LEGAL STANDARD**

The defense concurs with the "Relevant Legal Standard" advanced by the Government, (see Opposition, Doc. #31, at § 1, 2:24-3:6). Be that as it may, for the reasons stated in his moving papers and reiterated further below, defendant has satisfied this standard as articulated in

1   *United States v. Nixon*, 418 U.S. 683 (1974) and, thus, met the requirements for issuance of the

2   proposed subpoena.

3          Indeed, the Government does not dispute that Mr. Chan has demonstrated sufficient "(1)

4   relevancy; (2) admissibility; (3) specificity" required to order issuance of the subpoena. See *Id.* at

5   700. (See Opposition, Doc. #31.) Instead, the prosecution simply argues the defendant's motion

6   "should be denied without prejudice as premature" (See Opposition, Doc. #31 at 1:22-23) and

7   does so with reference to Local General Order No. 69, which requires "the request for a subpoena

8   be filed *no later than the filing date of defendant's motion*." (See Opposition, Doc. #31, at 1:25-

9   2:1 (emphasis added).) Accordingly, pursuant to this Court's General Order, the request for

10  issuance of a subpoena in advance of filing defendant's motion to suppress is not premature.

11  Instead, it would be too late if defendant waited until after filing his suppression motion. (See

12  also Section II, *infra*.)

13  **II.    GOVERNMENT'S OBJECTION IS PRECLUDED AND DEFICIENT**

14         In the first instance, the Opposition must be disregarded and the prosecution reminded

15  that the United States has no standing to interpose itself in this request. Moreover, the argument

16  made in opposition is factually and legally without merit, and the proposed Order to issue the

17  subpoena should be granted.

18         **A.     The Government Has No Standing to Object.**

19         The Government lacks standing to object to Mr. Chan's request to issue the proposed

20  subpoena to a third party. See, *United States v. Chavez* (15-cr-00285-LHK-1 (VKD)) 2020 U.S.

21  Dist. LEXIS 12153, *5, 2020 WL 377033 (N.D.Cal. January 23, 2020) ("*Chavez Three*"); *United

22  States v. Chavez* (No. 15-cr-00285-LHK-1 (VKD)) 2020 U.S. Dist. LEXIS 3829 (N.D.Ca.,

23  January 9, 2020) ("*Chavez Two*"); *United States v. Chavez* (15-cr-00285-LHK-1 (VKD)) 2019

24  U.S. Dist. LEXIS 196091, *7-*9, 2019 WL 5899914 (N.D.Cal. November 12, 2019) ("*Chavez

25  One*");[1] *United States v. Stukenbrock* (5:15-cr-00034-EJD-1 (HRL)) 2016 U.S. Dist. LEXIS

26

27         [1] Each of these *Chavez* case opinions were decided by Northern District of California, San Jose Division, Honorable Magistrate Judge Virginia K. Demarchi, and are identified herein as *Chavez One, Two and Three* by the dates of the issuance of the decisions in chronological order.

28

171551, *4 (N.D.Cal. December 9, 2016) ("Courts have recognized that ensuring that a defendant properly complies with Federal Rule of Criminal Procedure 17( c) is not a legitimate interest that would confer standing upon the government.") (internal quotations and citations omitted); *United States v. Johnson*, No. 14-CR-00412-THE, 2014 U.S. Dist. LEXIS 159788, *8-*9, 2014 WL 6068089 (N.D. Cal. Nov. 13, 2014) (akin);[2] *United States v. Chea* (2:18-cr-00123-KJM-1) 2019 U.S. Dist. LEXIS 99583, *8-*9, 2019 WL 2465492 (E.D.Cal. June 12, 2019) ("The government bears the burden of establishing its standing to move to quash the subpoena issued to the Stockton Police Department and it has not met its burden.") (citation omitted).

In *Chavez One*, the Honorable Magistrate Judge Virginia K. Demarchi rejected the Government's assertion "that it has an interest in protecting the spirit of cooperation between local and federal law enforcement[.]" *Chavez*, *supra,* 2019 U.S. Dist. LEXIS at *6-*7. The Court further dismissed the Government's argument that they had "an interest in ensuring that Rule 17( c) is not abused[,]" stating as follows:

> [T]he government cites no authority for its argument that such an interest confers standing, and at least two judges in this district have concluded that it does not. See *United States v. Johnson*, No. 14-cr-00412, 2014 U.S. Dist. LEXIS 159788, 2014 WL 6068089 at *3 (N.D. Cal. Nov. 13, 2014); *United States v. Ortiz*, No. 12-cr-00119, 2013 U.S. Dist. LEXIS 181420, 2013 WL 6842559 at *2-3 (N.D. Cal. Dec. 27, 2013).

*Chavez*, *supra,* 2019 U.S. Dist. LEXIS at *7.

In *Chavez Two*, this same Court considered the Government's request for reconsideration, ruling as follows:

> The United States offers no persuasive reason for the Court to reconsider its decision that the two bases the United States previously cited to justify its standing to oppose Mr. Chavez's original motion—i.e., that the United States has an interest in ensuring compliance with the rules, and that it has an interest in protecting the spirit of cooperation with local law enforcement—do not support standing. Dkt. No. 769 at 3-4; Dkt. No. 779 at 5-7, 10-15. Rule 17( c) requires that Mr. Chavez make a motion to obtain court approval to serve a document subpoena. That requirement does not imply that the United States must necessarily have standing to oppose the motion. In fact, where a subpoena is directed to a non-party that is not part of the prosecution team, it is not at all surprising that the United States would have no standing to object. See, e.g., *United States v.*

---

[2] The Government relied upon *Johnson* in the Opposition for support for its arguments, but failed to acknowledge that this case also affirmed their limited standing to object. (See Opposition at 2:17-21.)

1   *Beckford*, 964 F. Supp. 1010, 1023 (E.D. Va. 1997) ("In many instances, the opposing
2   party in a criminal case will lack standing to challenge a subpoena issued to a third party
    because of the absence of a claim of privilege, or the absence of a proprietary interest in
3   the subpoenaed material or of some other interest in the subpoenaed documents.") (citing
    cases).

4   *Chavez*, *supra,* 2020 U.S. Dist. LEXIS at *13-*14.[3]

5     In the Court's third opinion, Magistrate Demarchi again emphasized the Government's

6   lack of standing in objecting to subpoenas to non-party local police department, finding: "The

7   Court is not aware of any basis on which the United States has standing to oppose issuance of

8   subpoenas to non-party Salinas Police Department or its officers, and the United States has not

9   asserted one." *Chavez Three, supra,* 2020 U.S. Dist. LEXIS at *5-*6 (citations omitted).

10    In the present case, the Government has not made any attempt to establish its burden of

11  demonstrating standing to challenge the issuance of the proposed subpoena to a third party.

12  Accordingly, this Court should reject consideration of the Government's Opposition.

13    **B.**  **Assuming Arguendo the Court Considers the Government's Arguments, Mr.**
        **Chan's Motion Must Nevertheless be Granted**.
14
15    The Government's objections lack merit, and even if considered do not outweigh the need

16  for disclosure to protect Mr. Chan's rights.

        **1.**  **The Records Are Not Otherwise Procurable.**
17
18    The Government argues the officers' personnel files and complaint records are "otherwise

19  procurable" because they will make an informal request for review of said files once a briefing

20  and hearing schedule is set for defendant's motion to suppress. (See Opposition, Doc. #31, at

21  2:11-25.) The Government's reliance on *Johnson, supra*, 2020 U.S. Dist. LEXIS 12153, to

22  support this argument, however, is misplaced. In *Johnson*, the Government had issued a

23  subpoena for state officers' personnel records, and the Court ordered any impeachment materials

24  be provided to defendants in advance of the hearing. *Id.* at *24, *29. In contrast, the Government

25     [3]  The Court did find the Government had standing to object when the subpoena requests
    information regarding a confidential informant. Holding: "However, as explained above, the United
26  States has now articulated an interest in the protection of insider witnesses that Mr. Chavez's proposed
    subpoenas implicate, and that interest is one that the United States has standing to protect. Accordingly,
27  as described above, the Court will permit the United States to weigh in on the question of how best to
    protect the identities of insider witnesses."*Id.* at *14.
28

in the present case has not indicated they will issue a subpoena. Instead, as represented in

discussions with defense counsel prior to filing defendant's Motion and implied in their

Opposition, Assistant United States Attorney Scott Simeon represented an informal request

would be made, and if Palo Alto Police Department refused to comply he did not know what

remedy, if any, the Government would have to force compliance. Furthermore, the Government

has not specified the procedure it suggests would be followed if the Palo Alto Police Department

agreed to comply, including, for example whether the local agency, City Attorney's Office, the

federal Government or the Court would be asked to conduct the review of the files for potential

impeachment evidence. Allowing discretionary review without any judicial oversight is wholly

insufficient to protect defendant's rights.

Moreover, the *Johnson* court only rejected as moot those defense requested officer

records for which the Government had already issued subpoenas. Regarding those officer records

not yet subpoenaed, the Court found:

> The Government contends that the remaining personnel files should not be provided because the Government is under no obligation to provide Giglio impeachment materials located in the personnel files of officers it does not intend to call at the evidentiary hearing, and where it does not have those files in its possession. Gov's Oct. 22 Mot. at 4 (Docket No. 51). However, the Government misunderstands the law. It is precisely because the Government is not obligated to disclose Giglio or Brady materials related to these officers that their personnel files are expressly susceptible to subpoena under Rule 17( c) and General Order No. 69.

> Brady and Giglio are not implicated by the remaining personnel files because they are admittedly not in possession of the Government. See *United States v. Dominguez-Villa*, 954 F.2d 562, 566 (9th Cir. 1992) ("[The government] is not obligated to review state law enforcement files not within its possession or control."); *United States v. Plunk*, 153 F.3d 1011, 1028 (9th Cir. 1998) ("[I]nformation beyond that contained in the government's files is not subject to the strictures of Brady."), overruled on other grounds by *United States v. Hankey*, 203 F.3d 1160 (9th Cir. 2000). Consequently, Defendant would have no way to access any exculpatory materials contained in these files if he could not request them through a subpoena.

> General Order No. 69 appears to have been created for this very purpose. As previously explained, the General Order provides a procedure for obtaining the personnel and complaint records of state law enforcement officials who will testify in a federal criminal proceeding. See Gen. Order No. 69. The Order was necessary to allow a defendant access to exculpatory evidence that is in the possession of a state law enforcement agency, but not under the control of the Government, leaving it outside the purview of Brady and Giglio. That the remaining officers are to be called by the Defense instead of the Government is irrelevant, as the General Order provides no such demarcation; nor should it. The SFPD officers in this case will testify in favor of the Government, regardless of

1   who calls them. This is precisely why Federal Rule of Criminal Procedure 12(h) provides,
    within the context of the Jencks Act, that law enforcement officers are always
2   Government witnesses at a suppression hearing. Because the remaining officers have
    relevant testimony helpful to the Court's determination of what happened during the
3   search of Ms. McAlpine's home, the Government should not be able to shield from
    review the professional history of these officers by simply declining to call them at the
4   suppression hearing. General Order No. 69 provides no such limitation on the scope of
    Rule 17( c) subpoenas, and this Court finds no reason to newly impose such limitations
5   where the interests of justice and criminal due process weigh heavily against doing so.

6   *Id.* at \*24-\*27, \* 29 (requiring production of local officers' personnel records pursuant to
    modified defense issued subpoena).

7
    Accordingly, contrary to the Government, the defendant has shown the documents are not
8
    otherwise procurable, thus, the Order for issuance of the subpoena should be granted.[4]
9
                **2.    The Records Are Needed for Effective Preparation of the Suppression
10                       Motion and for the Evidentiary Hearing.**

11          The files and records sought by way of issuance of the Rule 17( c) subpoena are necessary

12  to prepare for the evidentiary hearing on the suppression motion, and for preparation of the

13  alternative *Franks* motion. As demonstrated in Mr. Chan's moving papers, an evidentiary hearing

14  is required where there was an antecedent warrantless search conducted resulting in obtaining

15  subsequently issued warrants. The Government does not dispute the files and records sought may

16  contain relevant impeachment evidence, but instead argues they would not be needed until the

17  actual evidentiary hearing. This position fails to recognize that if said records are disclosed, there

18  may be further investigation needed before the hearing to develop the impeachment evidence.

19  Furthermore, the disclosures may produce information to bolster defendant's showing required

20  under *Franks* including the reckless and deliberate intent to mislead.

21          For the Government to argue there is "no legal support for defendant's position" ignores

22  the Rules and case law presented in the Motion. (See Opposition, Doc. # 31, at 3:11.) Again,

23  Federal Rules of Criminal Procedure, Rule 17( c), Criminal Local Rule 17-2(b), model form

24  subpoena CAND 89C and General Order No. 69, as well as the case law, explicitly supports the

25

26          [4] As noted in Mr. Chan's moving papers, the defense made a public records acts request for all
    publicly available records for the named officers. To date, no response has been received.
27  Furthermore, even if some records are produced pursuant to this request they will not encompass the
    scope of the records that should be produced pursuant to this subpoena. (See defendant's Memorandum,
28  Doc. #25-1, at p. 7 fn 6.)

timing and procedure followed by the defense for issuance of a subpoena for state officer's

personnel records. Further, the Government's attempt to distinguish *United States v. Martinez*

(No. 15-cr-00575-WHO-1) 2016 U.S. Dist. LEXIS 51124, *3 (N.D.Cal. April 14, 2016)[5] on the

basis that the case did not involve a request for officer personnel records (Opposition, Doc. # 31,

at 3:10-12), ignores the fact that in the *Johnson* case, cited by both parties, the Court approved

the issuance of a modified subpoena for state officers' personnel records. See *Johnson, supra,*

2104 Lexis at *26-*27.

Accordingly, there is ample authority supporting the issuance of a subpoena for state

officers' personnel records at this stage in the proceedings for use in preparing defendant's

pretrial motion to suppress and alternative motion requesting a *Franks* hearing.

### 3. There Is a Risk of Unreasonable Delay If the Order for Issuance of the Subpoena Is Postponed until after Briefing and Hearing Schedule Is Set.

Contrary to the Government, there is a risk of delay if the Court declines to issue the

proposed Order until after defendant's suppression motion is filed and a hearing date set. (See

Opposition, Doc. #31, at 3:13-17.) This is not a case where it is questionable whether an

evidentiary hearing will be held to determine Fourth Amendment issues. As the Government is

keenly aware and does not dispute, there was an antecedent warrantless search conducted in this

case placing the burden squarely on the prosecution to present evidence to support an applicable

---

[5] The Government notes it could not "find the quoted line in the text of the *Martinez* court's opinion." (See Opposition at 3:10-12.) Defendant's moving papers cited *Martinez* as follows: (1) "materials to be subpoenaed are relevant to the preparation for and presentation of his pretrial motion to suppress evidence in which these officer witnesses' credibility will be at issue[,]" (2) "defendant's request is specific and targeted for a *Franks* motion [and] not a fishing expedition[,]" and (3) "the defendant needs the documents prior to filing the *Franks* motion, as it has the burden.". (Memorandum, Doc. 25-1, at 8:9-15.) The quoted language in Items (2) and (3), *supra,* are direct quotes from *Martinez, supra,* 2016 U.S.Dist.Lexis at *2-3. The Government is correct, however, regarding the language mistakenly placed in quotes under Item (1). Be that as it may, the *Martinez* case nevertheless stands for the propositions for which it was cited.

1   exception to the warrant requirement.[6] (See also, defendant's Memorandum, Doc. #25-1, at 2:1-

2   4:3.) Therefore, there is no reason to wait until the hearing is scheduled to allow the subpoena

3   process to move forward.

4        To delay the issuance of the subpoena could result in unreasonable delay. Filing the

5   present motion is only the first step in obtaining the information needed for the suppression

6   motion proceedings. Assuming the Rule 17( c) request is granted, the defendant needs to then

7   serve the subpoena on the local police agency, allowing for a minimum of 14 days to respond.

8   Once served the local police agency could chose to comply, or move to quash or limit the scope

9   of the subpoena requiring further litigation. If the issuance of the subpoena is delayed until an

10   evidentiary hearing date is set it is likely the setting of the hearing date would be extended or a

11   continuance needed to allow sufficient time to first resolve all issues related to the Rule 17( c)

12   subpoena, review of any records produced and to conduct any independent defense investigation

13   that may be prompted by the contents of personnel records disclosed.

14        As the General Order explicitly states, the Rule 17 ( c) motion should be made "*no later*"

15   than the time of filing the pretrial motion, and there is no legitimate basis for not allowing the

16   procedure to advance at this time including granting the order to allow the defense to issue and

17   serve the proposed subpoena. (See General Order 69 at Section II.C.1., p. 2 (emphasis added).)

18   To hold otherwise could result in unnecessary delay in litigating this case.

19   **III.**   **<u>CONCLUSION</u>**

20        In order to protect defendant's rights guaranteed under the Fourth, Fifth and Sixth

21   Amendments of the United States Constitution, the requested Subpoena, attached to the proposed

22

23       [6] It should be noted the Government was furnished a draft of Mr. Chan's suppression motion nearly a year ago and prior to filing of the Indictment. At the last appearance held before the Honorable

24   United States District Court Judge Beth Labson Freeman, on January 28, 2020, this case was continued and time excluded for a further status conference in order to allow time for discovery issues to be resolved and for the defendant to file a motion for issuance of the Rule 17 ( c) subpoena. The

25   Government did not object at the time to proceeding with the Rule 17 ( c) subpoena prior to scheduling the suppression motion.

26

27

28

1  Order (Doc. #25-3 and #25-4) should respectfully be issued.

2          Dated: April 14, 2020                    Respectfully submitted,

3                                                   JOHN D. FORSYTH
                                                    Attorney for Defendant
4                                                   CLARENCE CHAN

5                                                   _/s/ Alexandra Rahn_____
                                                    By ALEXANDRA RAHN (SBN 171921)
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**<u>Certificate of Service</u>**

I hereby certify that on April 14, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to all attorneys of record, including:

Scott Simeon
150 Almaden Boulevard
Suite 900
San Jose, CA 95113
408-535-5592
Email: scott.simeon@usdoj.gov

*/s/ John D. Forsyth*
JOHN D. FORSYTH, SBN 178341
2431 Fillmore Street
San Francisco, California 94115
Telephone: (415) 401-0729
Facsimile: (415) 401-7609
john@forsyth4defense.com

Reply to U.S. Opp. to Motion to Issue Subpoena
2019-CR-00521-BLF