UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    v.<br><br>CLARENCE PETER CHAN,<br><br>        Defendant. | Case No. 19-cr-00521-BLF-1 (SVK)<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR ISSUANCE OF SUBPOENA AS MODIFIED TO PRODUCE STATE LAW ENFORCEMENT RECORDS**<br><br>Re: Dkt. Nos. 25, 25-1 |

On March 13, 2020, Defendant Clarence Peter Chan filed the instant motion asking this Court to issue a subpoena duces tecum to the City of Palo Alto Police Department to produce personnel or complaint records of six law enforcement officers. Dkt. 25-1. Defendant also filed a copy of the proposed subpoena. Dkt. 25-4. On April 3, 2020, the Government filed an opposition to the motion. Dkt. 31. Defendant filed his reply on April 14, 2020. Dkt. 32. The Court finds this motion suitable for decision without oral argument pursuant to N.D. Cal. Civil Local Rule 7-1(b). Having reviewed the arguments, the relevant law, and General Order No. 69, the Court **GRANTS AS MODIFIED** Defendant's motion for the reasons discussed below.

**I.     BACKGROUND**

On May 28, 2018, Palo Alto Police Department officers responded to a domestic dispute which was alleged to have occurred at Defendant's home. Dkt. 25-1 at 3. After arriving at the scene, Palo Alto Police Officers took Defendant into custody. *Id*. Defendant alleges that after being taken into custody, Officer Yolanda Clausen and Sergeant Adrienne Moore went to a neighbor's house to interview various individuals about the domestic dispute. *Id*. Defendant further alleges that after he was taken into custody, Officers D. Seghetti, D. King, S. Miller, and Sergeant Brian Philip entered his home without a warrant. *Id*. Defendant alleges that after the

officers entered the home, they observed a number of possibly prohibited items and decided to apply for a search warrant. *Id*. Defendant alleges that these observations were made in violation of the Fourth Amendment. *Id*. Defendant further alleges that Sergeant Adrienne Moore authorized the affidavits for two search warrants based on this allegedly unconstitutional search of his residence. *Id*. at 3-4.

Defendant intends to file a motion to suppress based on these alleged constitutional violations. Dkt. 25-1 at 4. He avers that the aforementioned officers are "material witnesses whose credibility may be called into question at an evidentiary hearing to be held on [his] motion to suppress evidence, and further to support his alternative motion to traverse the warrants." *Id*. at 3.

## II. LEGAL STANDARD

Rule 17(c) of the Federal Rules of Criminal Procedure states, in relevant part: "A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence." Fed. R. Crim. P. 17(c). "A subpoena for documents may be quashed if their production would be 'unreasonable or oppressive,' but not otherwise." *United States v. Nixon*, 418 U.S. 683, 699-700 (1974). These subpoenas are "not intended to provide a means of discovery for criminal cases . . . [and] its chief innovation was to expedite the trial by providing a time and place before trial for the inspection of subpoenaed materials." *Id*. at 698-99. Thus, in order to require production prior to trial, the moving party must show:

    (1) that the documents are evidentiary and relevant;
    (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence;
    (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and
    (4) that the application is made in good faith and is not intended as a general 'fishing expedition.'

*Id.* at 699-700. "The party seeking to issue or enforce a Rule 17(c) subpoena must demonstrate the relevancy, admissibility, and specificity of its request." *United States v. Johnson*, No. 14-cr-00412-THE, 2014 WL 6068089, at *2 (N.D. Cal. Nov. 13, 2014) (citing *Nixon*, 418 U.S. at 700).

"Generally, the need for evidence to impeach witnesses is insufficient to require its production in advance of trial." *Nixon,* 418 U.S. at 701-02 (citations omitted). However, such materials might otherwise be subject to a Rule 17(c) subpoena where they have some "other valid potential evidentiary uses." *Id.* at 702.

In the Northern District of California, General Order No. 69 provides an exception to the general bar on Rule 17(c) subpoenas for impeachment evidence. *See* General Order No. 69. General Order No. 69 permits the use of a Rule 17(c) subpoena to obtain "personnel and complaint records . . . of state law enforcement officers who have been or will be subpoenaed to testify in a federal criminal proceeding." *Id*. With regards to the timing of such subpoena requests, General Order No. 69 provides that "[i]f the records sought relate to officers who are expected to testify at an evidentiary hearing regarding a pre-trial motion, the request for a subpoena must be filed *no later than the filing date of the defendant's motion*." *Id*. at 2 (emphasis added). General Order No. 69 also permits the subpoenaed party to "move to quash or modify the subpoena or seek an in camera review of the records." *Id*.

### III. ARGUMENT

#### A. Standing

In his reply brief, Defendant argues that the United States lacks standing to object to a subpoena directed at the Palo Alto Police Department or its officers. Dkt. 32 at 2-4. "The courts have recognized several legitimate interests that may confer upon a party standing to move to quash a third party subpoena, including avoiding undue lengthening of a trial, preventing undue harassment of a witness, and preventing prejudicial overemphasis on a particular witness's credibility." *Johnson*, 2014 WL 6068089 at *3. The Court is not aware of any basis on which the United States has standing to oppose issuance of subpoenas to nonparty Palo Alto Police Department or its officers, and the United States has not asserted a basis. *See United States v. Chavez*, No. 15-cr-00285-LHK-1 (VKD), 2020 WL 377033, at * 2 (N.D. Cal. Jan. 23, 2020). However, as the Court invited briefing (Dkt. 26) and to be thorough, the Court will continue its analysis of the *Nixon* factors.

////

### B. *Nixon* Factors

#### 1. Evidentiary and Relevant

To satisfy his burden under *Nixon*, Defendant must first show that the documents he seeks are evidentiary and relevant. *Nixon*, 418 U.S. at 699. Defendant contends that the six officers' personnel and complaint records are material and relevant for:

1. The effective and proper preparation and presentation of the defense, including, defendant's pretrial motion to suppress evidence and request for a hearing pursuant to *Franks v. Delaware*;
2. Proper cross-examination and impeachment of witnesses at the pretrial evidentiary hearing(s);
3. Refreshing of recollection of witnesses; and
4. Discovery of additional admissible evidence.

Dkt. 25-1 at 8-9. He also contends that these documents may be used to attack a police officer's credibility during a suppression hearing. *Id*. at 9.

The United States' overarching argument is that Defendant's motion is premature because the motion to suppress has not yet been filed, and the impeachment evidence Defendant seeks is not needed for the preparation of his motion to suppress. Dkt. 31 at 2-3. The Court is not aware of any authority in this District that analyzes the *Nixon* factors to require that a motion to suppress be filed *before* the motion for issuance of subpoena to produce state law enforcement records is filed. Indeed, General Order No. 69 sets the *deadline* for the motion for issuance of a subpoena as the date the motion to suppress is filed, thereby implying that the motion for issuance of a subpoena may be filed in advance – subject, of course, to the *Nixon* factors.[1] Thus, the instant motion for issuance of a subpoena is timely.

Here, Defendant's subpoena to the Police Alto Police Department specifically seeks documents and information regarding:

---

[1] The Court notes that in his moving papers, Defendant misquotes *United States v. Martinez*, No. 15-cr-00575-WHO-1, 2016 U.S. Dist. LEXIS 51124, at *3 (N.D. Cal. April 14, 2016). Defendant includes the following language in quotation marks: "materials to be subpoenaed are relevant to the preparation for and presentation of his pretrial motion to suppress . . . .," indicating, erroneously, that this District has previously determined that a motion for issuance of a subpoena is, in fact, proper for the "preparation" of a motion to suppress. Dkt. 25-1 at 9 (citing *Martinez*, 2016 U.S. Dist. LEXIS 51124, at *3). This language is not contained in the Court's opinion, and Defendant acknowledged his error in reply. Dkt. 32 at 7, fn. 5.

4

> (a) Unconstitutional conduct including violations of search and seizure provisions under the Fourth Amendment, (b) misconduct involving moral turpitude, (c) conduct unbecoming a police officer, (d) improper police tactics, (e) dishonesty such as instances of conduct which might be used for the purpose of attacking credibility or character for truthfulness, (f) fabrication of charges or evidence, (g) creating misleading, erroneous or false reports, testimony, and/or affidavits by either omissions or misstatements of facts and (h) any other conduct reflecting on the credibility, veracity or potential bias.

Dkt. 25-4 at 1. Defendant also seeks "[a]ny and all files that record any complaints lodged against said officer(s) by private citizens, fellow officers or personnel complaining of any misconduct." *Id*. Subject to the exception noted below (*see infra* Part III.B.4), these categories of documents appear to be both relevant to and admissible in Defendant's forthcoming suppression motion because the credibility of the testifying officers may be at issue. *See United States v. Johnson*, No. 14–cr–00412–TEH–1, 2014 WL 5077299, at *1 (N.D. Cal. Oct. 9, 2014). Accordingly, the Court finds that the first prong of *Nixon* is satisfied.[2]

### 2. Not Otherwise Procurable

Defendant must next show that the documents he seeks are not otherwise procurable in advance of trial by the exercise of due diligence. *Nixon*, 418 U.S. at 699-700. Defendant argues that the personnel and complaint records he seeks are in the "possession and control" of the Palo Alto Police Department and, "with the exception of potential information which may be obtained pursuant to California's Public Records Act, cannot be acquired by due diligence except by means of a subpoena duces tecum." Dkt. 25-1 at 7. In a footnote, Defendant avers that he made a public records act request for all publicly available records for the six police officers whose records he seeks and has not yet received a response. *Id.* at fn.6.

The United States contends that it is still collecting, reviewing, and producing Defendant's requested discovery. Dkt. 31 at 2. The United States further contends that once a briefing schedule is set on the motion to suppress, it "will "request a review" of the officers' personnel files thus rendering the instant motion "moot." *Id*. The Court finds the United States' argument to be fatally vague. The United States does not state that it will subpoena the records, and without a subpoena it is unclear how Defendant's motion would be rendered moot. *See Johnson*, 2014 WL

---

[2] Nothing by this Order is intended to address arguments which may be properly raised by a third-party in a motion to quash.

6068089, at *9.  As the documents are not reasonably procurable because they are in the possession of the Palo Alto Police Department, the Court finds that the second *Nixon* prong is satisfied.

### 3. Inability to Prepare and Unreasonable Delay

Third, Defendant must show that he cannot properly prepare for trial without this production and that the failure to obtain these documents may unreasonably delay the trial.  *Nixon*, 418 U.S. at 699-700.  Defendant argues that he faces a risk of delay if the Court waits to issue the instant subpoena until after the suppression motion is filed and a hearing date is set.  Dkt. 32 at 7.  Defendant argues that he must complete multiple steps to obtain the information he seeks for the suppression motion, including serving the subpoena on the Palo Alto Police Department, allowing them time to respond, and conducting further litigation if the Palo Alto Police Department moves to quash or limit the scope of this subpoena.  *Id*. at 8.  In response, the United States restates its argument that "[o]nly after the defendant is entitled to a hearing would any potential witness impeachment information become relevant."  Dkt. 31 at 3.  For the reasons set forth above, the Court remains unpersuaded by the United States' argument and finds that Defendant has met this prong of *Nixon* as well.

### 4. Good Faith

Finally, Defendant must show that his motion is made in good faith and is not intended as a "general fishing expedition."  *Nixon*, 418 U.S. at 699-700 (internal quotation marks omitted).  Here, the Court does consider the fact that the suppression motion has not yet been filed, and its analysis of this factor is therefore heightened.  In addition to the categories identified above (*see supra* Part III.B.1), Defendant's subpoena to the Police Alto Police Department seeks "[t]he names, addresses, and telephone numbers of the persons who made the allegations or complaints" and "[t]he names, addresses, and telephone numbers of all persons, whether police officers or private witnesses, mentioned as witnesses to the events described in allegations or complaints."  Dkt. 25-4 at 1.  At present, inclusion of this information appears to move beyond the bounds of General Order No. 69 and into the realm of a "fishing expedition" prohibited by *Nixon*.  Accordingly, Defendant must limit his subpoena to exclude the names, addresses, and telephone

1  numbers of the persons who made the allegations or complaints and the names, addresses, and
2  telephone numbers of all persons, whether police officers or private witnesses, mentioned as
3  witnesses to the events described in allegations or complaints.  The Court has attached the
4  modified subpoena, reflecting the necessary changes, to this order as Exhibit A.  Defendant must
5  prepare a revised subpoena containing the changes made by the Court and submit the revised
6  subpoena to the Clerk.

### IV.     CONCLUSION

For the reasons set forth above, the Court **GRANTS** Defendant's motion for issuance of a subpoena to the Palo Alto Police Department, as modified.

**SO ORDERED.**

Dated: May 12, 2020

_____
SUSAN VAN KEULEN
United States Magistrate Judge